### BARNHILL et al. v. YOUNG, Governor of California, et al.

District Court, S. D. California, C. D.
Jan. 13, 1931.

Caesar A. Roberts, of Los Angeles, Cal., for complainants.

U. S. Webb, Atty. Gen., Warner I. Praul, Deputy Atty. Gen., and Albert A. Rosenshine, of San Francisco, Cal., for respondents.

PER CURIAM.

By the affidavits aforementioned, it was asserted on the part of the said two respondents that they had not threatened to commit, nor were they committing, acts complained of in complainants' bill of complaint.

The motion to dismiss raised the question of law that complainants had not stated sufficient grounds to authorize the issuance of an injunction.

The court concludes that, the facts and the law considered, complainants do not show that any right secured to them under the Federal Constitution has been infringed upon. It is held further that the alleged securities issued and proposed to be issued by the complainants come within the description contained in the Corporate Securities Act of the state of California (St. Cal. 1917, p. 673, as amended).

As a statement of the reasons upon which this decision is based, the court adopts and annexes hereto the opinion of the District Judge as rendered in this case in denying the application of the complainants for a temporary restraining order. The application for injunction is denied, and the action is dismissed.

JAMES, District Judge.

Hearing on application for a temporary restraining order.

The bill of complaint in equity was filed against various officers of the state of California, including the commissioner of corporations, the Attorney General, and the superintendent of banks. The particular relief sought is as against the commissioner of corporations, who it is asserted has improperly included as a subject for the supervision of his office the business organization of the plaintiffs, which is called Cherokee Oil Company.

Diversity of citizenship is shown by the allegation in the bill that the trustees, plaintiffs, are residents of the state of Nevada, and that the trust agreement, under which they are working, is recorded in that state. Diversity of citizenship is necessary to be shown as affecting the claim of plaintiffs that their acts, as to which the corporation commissioner raises question, are not such as come within the Corporate Securities Act of California (St. Cal. 1917, p. 673, as amended); in other words, that they are amenable to the provisions of said act.

The second contention is, conceding that the business of plaintiffs comes within the description of the Corporate Securities Act, that act is in violation of the equal protection clause of the Federal Constitution.

Briefly analyzed, it appears that plaintiffs have devised a plan under which they may engage in the business of drilling oil wells and finance their operations by the issuing and selling of interests therein, evi-

denced by what they term "mineral deeds." I am unable to distinguish the organization and business plan of the plaintiffs from that considered by the Supreme Court of California in the case of Ex parte Girard, 186 Cal. 718, 200 P. 593, 594. The California court there held that, under the broad terms of the Corporate Securities Act, the sale of unit shares or interests described in a declaration of trust of a commercial organization doing business as Crystal & Colored Glass Company was unlawful unless a permit from the corporation commissioner was first secured. The object and purpose of the glass company referred to in the Girard Case, in the selling of unit shares or interests, was to obtain funds for the carrying on of its business, precisely as is the object and purpose of the plaintiffs, who are doing business as the Cherokee Oil Company. I think that there can be no question under the decision in the Girard Case but that the business operations of the plaintiffs are subject to the supervision of the corporation commissioner. Judge Lucien Shaw, who wrote the decision in the Girard Case, and who was one of the ablest judges to sit in the Supreme Court of the state for a great many years, gave careful attention to the claims made by the petitioner there that the Corporate Securities Act was discriminatory and beyond the power of the Legislature, under the California Constitution, to enact. In the course of his discussion, he says: "The provisions regarding companies, trusts, and trustees were inserted in the act for the evident purpose of preventing evasions such as would follow if the operation of the act was confined to corporations alone."

It should be held, therefore, that the business organization represented by the plaintiffs is properly subject to the supervision of the corporation commissioner and that that official should not be enjoined from performing his duties with respect thereto.

That Corporate Securities Acts, framed as is the California law, are not in violation of the equal protection clause of the Federal Constitution (Const. Amend. 14), is thoroughly settled. The Supreme Court of the United States, in Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 220, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643, by Justice McKenna, gave full consideration to the contentions advanced as against a statute of Ohio, which contentions in practically their entirety find their counterpart here. Justice McKenna said: "It will be observed, therefore, that the law is a regula-

tion of business, constrains conduct only to that end, the purpose being to protect the public against the imposition of unsubstantial schemes and the securities based upon them. * * * And we shall not pause to do more than state that the prevention of deception is within the competency of government, and that the appreciation of the consequences of it is not open for our review. * * * Inconvenience may be caused and supervision and surveillance, but this must yield to the public welfare; and against counsel's alarm of consequences, we set the judgment of the state."

The discriminations complained of in the Geiger-Jones Case were in part that privileges were accorded banks and building and loan associations which were not available to the plaintiff there, just as it is contended here. The court set out those claims, and disposed of them by saying: "We cannot give separate attention to the asserted discriminations. It is enough to say that they are within the power of classification which a state has. A state 'may direct its law against what it deems the evil as it actually exists without covering the whole field of possible abuses, and it may do so none the less that the forbidden act does not differ in kind from those that are allowed. * * *' "

If it be true, as counsel for plaintiffs argues, that Corporate Securities Acts are too sweeping, that question is one of policy as to which legislative bodies are the sole judges. Doubtless the extension of the terms of such laws is prompted by the ever-growing tide of speculative ventures, in which the public is persuaded to invest through persuasive arguments of high-pressure salesmen and solicitors.

The case of People v. Pace, 73 Cal. App. 548, 238 P. 1089, 1091, was cited to the court by counsel for the plaintiffs. That case determines that, under provisions of the Corporate Securities Act of California, as the same existed in the year 1925, an owner of securities could not be restricted in his right to sell his securities whether such securities were disposed of by a single or successive transactions. The law then provided that the owner who sold on his own account was not subject to the provisions of the act, provided that the sale was "not made in the course of repeated and successive transactions." That portion of the act as just quoted was held to be in violation of the Constitution of the state. That decision, of course, stands as properly defining the law of the state, and is operative for the benefit of the

plaintiffs who may act in their individual right to dispose of "mineral deeds" owned by them personally. Of course such sale transactions must be bona fide and under actual ownership and not a subterfuge for the purpose of enabling the disposal of the interests owned by the Cherokee Oil Company so called. In the Pace Case, the court was careful to say: "It was not contended at the trial, nor is it urged here on appeal, that the defendant was not the bona fide owner of the stock sold; nor does the Attorney General urge that the defendant, either in acquiring any of this stock or in making sales of any of it, was acting for the corporation. No suggestion is made that, in the defendant acquiring and selling this stock, a subterfuge was resorted to in order to avoid the necessity of the corporation procuring a permit."

It is not asserted in the bill of complaint here that the corporation commissioner objects to the individual trustees or any individual disposing of his own property. Hence no cause for injunctive relief can be assigned to such facts.

The motion for a temporary restraining order is denied. An exception is noted in favor of the plaintiffs.